IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY AMBROSE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-4763 |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 19th day of September, 2022, after considering the complaint (Doc. No. 1), the administrative record (Doc. No. 12), the report and recommendation filed by United States Magistrate Judge Timothy R. Rice (Doc. No. 23), the plaintiff's brief and statement of issues in support of the request for review (Doc. No. 13), the defendant's response to the request for review (Doc. No. 20), and the plaintiff's objections to the report and recommendation (Doc. No. 24); accordingly, it is hereby **ORDERED** as follows:

1.      The clerk of court is **DIRECTED** to return this matter to the court's active docket;

2.      The plaintiff's objections to the report and recommendation (Doc. No. 24) are **OVERRULED**;[1]

3.      The report and recommendation (Doc. No. 23) is **APPROVED** and **ADOPTED**;

4.      The plaintiff's request for review is **DENIED**;

5.      The final decision of the Commissioner is **AFFIRMED**; and

6.     The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] This court's review of the contested portion of the report and recommendation is plenary. The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (emphasis added). "Review of a final decision of the Commissioner of Social Security, however, is limited to determining whether the decision is supported by substantial evidence." *Abney v. Colvin*, No. CIV. A. 13-6818, 2015 WL 5113315, at *3 (E.D. Pa. Aug. 31, 2015) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted). Further, "[s]ubstantial evidence is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). In determining whether substantial evidence exists, the reviewing court may not weigh the evidence or substitute its own conclusion for that of the Administrative Law Judge ("ALJ"). *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002).

     The first issue raised in the plaintiff's objections relates to whether the ALJ properly evaluated the plaintiff's subjective allegations. Pl.'s Obj. to the Magistrate Judge's R. & R. ("Pl.'s Obj.") at 1, Doc. No. 24. The second issue raised in the plaintiff's objections centers on whether substantial evidence supports the ALJ's residual functional capacity ("RFC") determination that the plaintiff was capable of sedentary work. Pl.'s Obj. at 3. The plaintiff argues, "The ALJ failed to explain how, given the available evidence . . ., she included the functional restrictions that she chose to include in her assessment of Ms. Ambrose's RFC. The ALJ's rejection of the only medical opinion created an evidentiary deficit . . . The ALJ did not obtain evidence to fill this evidentiary void." *Id.* at 4.

     Evaluating the merits of each claim, this court overrules the plaintiff's objections because the ALJ properly evaluated the subjective allegations and substantial evidence does, in fact, support the ALJ's justification of an RFC determination that the plaintiff was capable of sedentary work. *See* R. & R. at 22.

     The plaintiff argues that the ALJ "played doctor" by discrediting the evaluations from Dr. Massaro, Scott Biedenkapp, LCSW, and Dr. McCabe and choosing to rely on other medical evaluations in the record. *See* Pl.'s Obj. at 3. However, the case law in this circuit is clear that "[t]he ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. In doing so, the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant." *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir.1994) (citations omitted); *see also Brown v. Astrue*, 649 F.3d 193, 197 (3d Cir. 2011) (permitting an ALJ to give greater weight to certain medical evaluations over others).

     Here, the ALJ was faced with conflicting medical reports and permissibly balanced the various medical opinions. *See* R. & R. at 25; *see also Yots v. Comm'r Soc. Sec.*, 704 F. App'x 95, 97–98 (3d Cir. 2017) (permitting the ALJ to weigh conflicting medical evidence that supports and conflicts with the applicant's claims).

     The ALJ's RFC determination chose the middle road "between the insufficient restrictions suggested by experts Dr. Michael and Dr. Manfared, and the extreme restrictions suggested by Dr. Massaro, Scott Biedenkapp, LCSW, and Dr. McCabe." R. & R. 25. The ALJ was within her discretion to discredit the most extreme recommendations and to go further than the more moderate evaluations. The ALJ supported her middle road decision by citing multiple medical evaluations finding Ambrose's "generally mild mental health examinations, normal gait, normal muscle strength, and other unremarkable tests." *Id.* at 25.

     The ALJ properly considered the plaintiff's relevant facts, such as Ambrose's age, education, reported activities, and other objective and subjective record evidence. The ALJ reviewed many of Ambrose's subjective

complaints about the mental and physical impairments she experienced during her activities, including her post-onset work as a teacher and babysitter.

Because sufficient objective evidence supports the ALJ's RFC determination, the court cannot agree with the plaintiff's objection to the ALJ's RFC assessment. While a claimant bears the burden of proving his RFC, before making a determination that a claimant is not disabled, the ALJ is "responsible for developing [the claimant's] complete medical history, . . . making every reasonable effort to help you get medical reports from your own medical sources." 20 C.F.R. § 404.1545(a)(3). However, an ALJ, not the treating or examining physicians or State agency consultants must make the ultimate disability and RFC determinations. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) RFC finding is an administrative, rather than a medical, determination. *See id.*; *see also Brown v. Astrue*, 649 F.3d 193, 197 n.2 (3d Cir. 2011) ("The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity."); *Cathers v. Colvin*, No. CIV. A. 16-113, 2017 WL 5075278, at *1 (W.D. Pa. Sept. 21, 2017) ("[A]n ALJ is not required to rely only on any particular physician's opinion, and the RFC finding is actually an administrative—rather than a medical—determination.") (alteration to original).

Here, the ALJ reasonably afforded little weight to the opinions of record for the reasons explained in the report and recommendation. *See* R. & R. at 20–22. The rejection of these opinions did not leave an impermissible evidentiary gap. As the *Chandler*, *Brown*, and *Cathers* courts explain, the ALJ ultimately determines disability and RFC, so long as it is based on proper evidence. The ALJ's determination is supported by substantial evidence and thus, her determination is affirmed.